IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


NICOLE KING,

        Plaintiff,

v.                                  Civil Action No. 5:10CV112
                                                       (STAMP)
CARDINAL HEALTH 411, INC.
and TESS GREY,

        Defendants.


                **MEMORANDUM OPINION AND ORDER**
                **DENYING PLAINTIFF'S MOTION TO REMAND**

                    I.   Procedural History

     The plaintiff, Nicole King ("King"), filed this civil action in the Circuit Court of Ohio County, West Virginia against the above-named defendants alleging that she was wrongfully terminated from her job at Cardinal Health 411, Inc. ("Cardinal Health"). Specifically, the plaintiff's original complaint alleges that her termination was based in whole or in part on discriminatory motives, in violation of West Virginia Code Section 5-11-9 and West Virginia public policy.[1] The defendants filed a motion to dismiss the plaintiff's complaint in the Circuit Court of Ohio County, which was denied on September 13, 2010 at a hearing before Judge Ronald E. Wilson. The plaintiff later filed an amended complaint, which includes an allegation that her termination violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. The defendants then filed a notice of removal in this Court based upon

---

[1]The plaintiff's original complaint contains no reference to the FMLA and no alleged violation of federal law.

28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).[2]  On December 1, 2010, the plaintiff filed a motion to remand, to which the defendants responded.  The plaintiff then filed a reply.

Having reviewed the parties' pleadings and the relevant law, this Court finds that federal question jurisdiction does exist.  Accordingly, the plaintiff's motion for remand must be denied.

## II.  Facts[3]

King began working for Cardinal Health in April 2007.  On March 14, 2010, King suffered complications from her pregnancy and was taken to Wheeling Hospital's Emergency Room.  Upon her discharge from Wheeling Hospital on March 14, 2010, King obtained a doctor's slip prohibiting her from working that day.  King then called her supervisor, Tess Grey ("Grey"), and advised her of her recent hospital visit and her inability to attend work that day.  King's fiancé, Patrick MacFarland, hand-delivered her doctor's excuse to Grey.  When King called Grey on the morning of March 15, 2010, Grey fired her.  The plaintiff filed complaints with the corporate human resources department, Craig Baranski, the director of Cardinal Health's Wheeling facility, and Cardinal Health's

---

[2]On November 1, 2010, the plaintiff filed a request to enter default in the Circuit Court of Ohio County.  In support of this request, the plaintiff attached the affidavit of Sandra K. Law, which states that the defendants failed to respond to the amended complaint within ten days of service, thus, they are in default.  There is no indication in the record that the state court took any action on this request.

[3]For the purposes of this opinion, this Court adopts the facts as set forth by the plaintiff in her amended complaint.

2

Ethics Board, but she received no response. Additionally, the plaintiff filed an incident report regarding her wrongful termination via Cardinal Health's Incident Reporting System, but she received no response.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### IV. Discussion

In support of her motion to remand, the plaintiff argues that the defendants' notice of removal is untimely and that this Court does not have jurisdiction over the plaintiff's amended complaint. According to the plaintiff, the notice of removal was filed more than thirty days after notice of the claim which the defendants contend forms the basis for the right to remove the case to federal

court.  Thus, it is alleged that notice of removal is untimely and the matter should be remanded to the state court.  Although the plaintiff's FMLA claim first appears in her amended complaint, she argues that the defendants were on notice of this claim more than thirty days prior to filing the notice of removal because she cited to and discussed the FMLA in response to the defendants' motion to dismiss.[4]  The removal statute provides that "[t]he notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1441(b).  While the defendants claim that the initial pleading setting forth a potential FMLA claim is the amended complaint, the plaintiff contends that the initial pleading is the plaintiff's response to the motion to dismiss, filed approximately one month earlier.  The plaintiff argues that the defendants were on notice of the federal claim from the moment the issue arose in the plaintiff's response to the motion to dismiss.

---

[4]In response to the plaintiff's original complaint, the defendants filed a motion to dismiss on June 23, 2010 in the Circuit Court of Ohio County, West Virginia.  The motion to dismiss was argued at a hearing on September 13, 2010, at which time the plaintiff contends she mentioned the FMLA as the underlying legislative enactment for her West Virginia public policy claim.  The motion to dismiss was denied at the September 13, 2010 hearing, and Judge Wilson ordered the plaintiff to file an amended complaint.  The Ohio County Circuit Court docket sheet also indicates that the parties argued the defendants' motion to stay discovery and for protective order, filed on July 7, 2010, at the hearing on September 13, 2010.  The record is silent as to the disposition of that motion.

The plaintiff also contends that she has not, in fact, raised a FMLA claim, nor is she seeking damages or remedies under the FMLA. Rather, the plaintiff references the FMLA in support of her claim for violation of West Virginia public policy. Even if this Court were to find that a FMLA claim has been raised, the plaintiff argues that this case is still not removable because the alleged federal claim is not substantial, and alternate state law theories of recovery exist.[5]

In response to the plaintiff's motion for remand, the defendants argue that this case became removable upon the filing of the amended complaint because it alone includes a clear and unambiguous allegation of a violation of federal law -- the FMLA. The defendants point to the plaintiff's use of the word "also" in the description of her claims, which indicates that the plaintiff asserts both a violation of the FMLA and a violation of West Virginia public policy. The defendants allege that the amended complaint explicitly pleads on its face that Cardinal Health violated the FMLA, thus, there is no need to look outside the four corners of the complaint to decipher the claims alleged.

Additionally, the defendants counter that removal is timely because the plaintiff's reference to the FMLA in her response to the motion to dismiss did not present a federal cause of action.

---

[5]In her reply, the plaintiff states that if this Court determines that she did state a cause of action under the FMLA, she will likely voluntarily dismiss that claim. Because the FMLA claim has not yet been eliminated, this Court must consider it in evaluating the motion for remand.

5

Therefore, the response did not present any information that made the lawsuit removable. According to the defendants, this case became removable solely upon the assertion in the amended complaint of a stand alone violation of the FMLA.

This Court is not persuaded by the plaintiff's contention that her amended complaint does not assert a FMLA claim. The amended complaint states:

> The Defendants' termination, failure to reinstate and/or rehire the Plaintiff violated the Family Medical Leave Act in that the Plaintiff should not have been terminated for missing a day of work due to her serious medical condition. 29 U.S.C. § 2601 et seq.

Pl.'s Am. Compl. ¶ 18. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a federal question must be presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Assoc., Local 159, 714 F.2d 342, 345 (4th Cir. 1983). Only those cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law" are subject to removal. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983). This Court finds that the plain language on the face of the plaintiff's amended complaint presents a federal question: whether the termination of the plaintiff's employment violated the FMLA. The plaintiff's

allegation that Cardinal Health violated her rights under the FMLA, a federal law, is pled unambiguously. Accordingly, this Court has federal question subject matter jurisdiction over the plaintiff's action.

This Court further finds that the defendants timely filed the notice of removal. Because there is no mention of the FMLA or any federal law in the original complaint, the defendants could not determine the existence of a federal question until the filing of the plaintiff's amended complaint. Although the plaintiff referenced the FMLA in her response to the defendants' motion to dismiss, this response did not adequately set forth a FMLA claim such that the defendants should have been aware that a federal question may be implicated and a basis for removal existed. Rather, the plaintiff's response to the motion to dismiss cites the FMLA as a source of West Virginia public policy, not as a separate claim. This Court need look no further than the plaintiff's amended complaint in determining whether the lawsuit raises issues of federal law capable of creating federal question jurisdiction. See Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)). Thus, because notice of removal was filed within thirty days of the amended complaint, this Court finds that removal is timely. 28 U.S.C. § 1446(b).

## V. Conclusion

For the reasons stated above, the plaintiff's motion for remand is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   January 6, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE