IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NICOLE KING,

    Plaintiff,

v.                                  Civil Action No. 5:10CV112
                                            (STAMP)
CARDINAL HEALTH 411, INC.
and TESS GREY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO ALLOW THE FILING
OF A SECOND AMENDED COMPLAINT AND
DENYING MOTION FOR REMAND**

I. Procedural History

The plaintiff, Nicole King ("King"), filed this civil action in the Circuit Court of Ohio County, West Virginia against the above-named defendants alleging that she was wrongfully terminated from her job at Cardinal Health 411, Inc. ("Cardinal Health"). Specifically, the plaintiff's original complaint alleges that her termination was based in whole or in part on discriminatory motives, in violation of West Virginia Code Section 5-11-9 and West Virginia public policy.[1] The defendants filed a motion to dismiss the plaintiff's complaint in the Circuit Court of Ohio County, which was denied on September 13, 2010 at a hearing before Judge Ronald E. Wilson. The plaintiff later filed an amended complaint, which includes an allegation that her termination violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. The

---

[1] The plaintiff's original complaint contains no reference to the FMLA and no alleged violation of federal law.

defendants then filed a notice of removal in this Court based upon 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). On December 1, 2010, the plaintiff filed a motion to remand, which this Court denied on January 6, 2011, finding that the plain language on the face of the plaintiff's amended complaint presents a federal question.

Following the denial of the motion to remand, the plaintiff filed a pleading titled "Notice of Plaintiff's Voluntary Dismissal of FMLA Claim, Motion to Allow the Filing of a Second Amended Complaint, and Motion for Remand." This motion is now fully briefed and pending before this Court. Having reviewed the parties' pleadings and the relevant law, this Court finds that the plaintiff's motion to allow the filing of a second amended complaint can be granted, and the motion to remand must be denied.

## II. Facts[2]

King began working for Cardinal Health in April 2007. On March 14, 2010, King suffered complications from her pregnancy and was taken to Wheeling Hospital's Emergency Room. Upon her discharge from Wheeling Hospital on March 14, 2010, King obtained a doctor's slip prohibiting her from working that day. King then called her supervisor, Tess Grey ("Grey"), and advised her of her recent hospital visit and her inability to attend work that day. King's fiancé, Patrick MacFarland, hand-delivered her doctor's excuse to Grey. When King called Grey on the morning of March 15,

---

[2]For the purposes of this opinion, this Court adopts the facts as set forth by the plaintiff in her amended complaint.

2010, Grey fired her. The plaintiff filed complaints with the corporate human resources department, Craig Baranski, the director of Cardinal Health's Wheeling facility, and Cardinal Health's Ethics Board, but she received no response. Additionally, the plaintiff filed an incident report regarding her wrongful termination via Cardinal Health's Incident Reporting System, but she received no response.

III. Applicable Law

A. Motion to File Amended Complaint

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496,

497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

B. <u>Motion for Remand</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). In cases removed from state to federal court, the district court must look at the case at the time of removal to determine whether it has subject matter jurisdiction. Later changes to the pleadings do not impact removal jurisdiction. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007).

A district court may exercise its discretion in retaining jurisdiction over state law claims made in the case through supplemental jurisdiction pursuant to 28 U.S.C. § 1367 when there is a federal basis for jurisdiction. See Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). "The district court exercises its discretion by considering factors that include: 'convenience and

fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.'" Semple v. City of Moundsville, 195 F.3d 708, 714 (4th Cir. 1999) (quoting Shanaghan, 58 F.3d at 110).

IV. Discussion

A. Motion to File Amended Complaint

In support of her motion to allow the filing of a second amended complaint, the plaintiff first notes that she is voluntarily dismissing her federal cause of action against the defendants under the FMLA. Citing to Rule 15 of the Federal Rules of Civil Procedure, the plaintiff next argues that no prejudice to the defendants results from the filing of the second amended complaint, because the second amended complaint merely dismisses a cause of action. The plaintiff claims that she is not acting in bad faith because she never intended to assert a cause of action against the defendants under the FMLA. The plaintiff further asserts that her motion for leave to file an amended complaint was filed prior to the deadline for amended pleadings set forth in this Court's scheduling order.[3]

In response, the defendants argue that leave to amend the complaint pursuant to Rule 15(a)(2) should be denied. Specifically, the defendants contend that the plaintiff's motivation for seeking leave to amend is not because justice so

---

[3]According to the scheduling order of December 13, 2010, motions to amend pleadings were to be filed on or before July 29, 2011.

requires, but because she is attempting to avoid being in federal court.  Further, the defendants contend that allowing the plaintiff to file a third complaint would cause them substantial prejudice.  However, the defendants concede that granting the motion for leave to amend and denying the motion for remand would not cause them prejudice.

Because the defendants concede that granting the motion for leave to file an amended complaint while simultaneously denying the motion for remand would not prejudice them, and because this Court finds that the plaintiff's purpose in filing an amended complaint is to delete any reference to a cause of action under the FMLA, leave to amend should be granted pursuant to Rule 15(a)(2).  Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  This Court notes, however, that voluntary dismissal of the FMLA claim pursuant to Rule 41 of the Federal Rules of Civil Procedure is not the proper vehicle to accomplish partial dismissal.  See Skinner v. First Am. Bank of Virginia, 64 F.3d 659 (4th Cir. 1995) ("Because Rule 41 provides for the dismissal of actions, rather than claims, Rule 15 is technically the proper vehicle to accomplish partial dismissal.").  Instead, filing an amended complaint pursuant to Rule 15 is the appropriate method by which the plaintiff can eliminate her FMLA claim.  Therefore, this Court makes no ruling on the notice of the plaintiff's voluntary dismissal.

B.  Motion for Remand

In support of the motion for remand, the plaintiff argues that because the sole basis for this Court to assert federal subject matter jurisdiction over this case is the Court's finding that the plaintiff stated a federal cause of action under the FMLA, and because the plaintiff has voluntarily dismissed that claim, this Court should exercise its discretionary powers and remand this case to the Circuit Court of Ohio County.

In response, the defendants argue that regardless of whether the plaintiff is permitted to amend her complaint or otherwise dismiss her FMLA claim, this Court retains subject matter jurisdiction over the entire lawsuit. According to the defendants, 28 U.S.C. § 1367(c)(3) provides this Court with authority to retain remaining state law claims after having dismissed all federal claims. Thus, the defendants argue that this Court should deny the plaintiff's second motion to remand and retain this case.

After considering the factors set forth in Shanaghan v. Cahill, this Court finds it appropriate to exercise supplemental jurisdiction in this case. When making this discretionary determination, this Court first considers convenience and fairness to the parties. Shanaghan, 58 F.3d at 110. As noted above, a scheduling order is currently in place in this case. Pursuant to this scheduling order, the parties have conducted discovery. Specifically, interrogatories have been propounded and answered, and depositions have been taken. Trial in this matter is not scheduled to begin until January 10, 2012. Because the plaintiff's

proposed amended complaint removes a claim, but does not add any claims, it is unlikely that the parties will need additional time to complete discovery.  Given the steady progression of this case, it is both fair and convenient to the parties for this case to remain in this Court and proceed pursuant to the deadlines set forth in the December 13, 2010 scheduling order.

Although this case presents no underlying issues of federal policy, comity and considerations of judicial economy do play a part in this Court's decision to retain jurisdiction.  Remanding this case to the state court after the parties have completed a significant amount of discovery would only delay the progression of this case.  Given the amount of time and energy that has already been expended, it is more efficient simply to retain jurisdiction. See Washington v. Union Carbide Corp., 870 F.2d 957, 962 (4th Cir. 1989).  Further, remand could place an unnecessary burden on the state court by requiring deadlines and trial dates to be re-set. Supplemental jurisdiction is "a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Retaining jurisdiction over this case is the most sensible and efficient way to ensure that discovery continues uninterrupted. For these reasons, this Court finds that the exercise of supplemental jurisdiction is appropriate and the plaintiff's motion for remand must be denied.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to allow the filing of a second amended complaint is GRANTED. The plaintiff is DIRECTED to file a signed copy of the second amended complaint, which is attached as exhibit one to the motion (Doc. 21). The plaintiff's motion for remand is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    September 7, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
