IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NICOLE KING,

       Plaintiff,

v.                                          Civil Action No. 5:10CV112
                                                        (STAMP)
CARDINAL HEALTH 411, INC.
and TESS GREY,

       Defendants.


MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S SECOND MOTION TO AMEND,
LIFTING THE STAY OF DISCOVERY AND
SCHEDULING STATUS AND SCHEDULING CONFERENCE

I.  Procedural History

The plaintiff, Nicole King ("King"), filed this civil action in the Circuit Court of Ohio County, West Virginia against the above-named defendants alleging that she was wrongfully terminated from her job at Cardinal Health 411, Inc. ("Cardinal Health"). Specifically, the plaintiff's original complaint alleges that her termination was based in whole or in part on discriminatory motives, in violation of West Virginia Code Section 5-11-9 and West Virginia public policy.[1]  The defendants filed a motion to dismiss the plaintiff's complaint in the Circuit Court of Ohio County, which was denied on September 13, 2010 at a hearing before Judge Ronald E. Wilson.  The plaintiff later filed an amended complaint, which includes an allegation that her termination violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.  The

---

[1]The plaintiff's original complaint contains no reference to the FMLA and no alleged violation of federal law.

defendants then filed a notice of removal in this Court based upon 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).  On December 1, 2010, the plaintiff filed a motion to remand, which this Court denied on January 6, 2011, finding that the plain language on the face of the plaintiff's amended complaint presented a federal question.

Following the denial of the motion to remand, the plaintiff filed a pleading titled "Notice of Plaintiff's Voluntary Dismissal of FMLA Claim, Motion to Allow the Filing of a Second Amended Complaint, and Motion for Remand."  On September 7, 2011, this Court issued an opinion granting the plaintiff's motion to allow the filing of a second amended complaint and denying the motion for remand.  This Court made no ruling on the notice of the plaintiff's voluntary dismissal of the FMLA claim, finding that voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure was not the proper vehicle to accomplish partial dismissal.  With regard to the motion to remand, this Court found that the exercise of supplemental jurisdiction was appropriate, and therefore denied the motion to remand.

Pursuant to this Court's September 7, 2011 memorandum opinion and order, the plaintiff filed a second amended complaint on September 22, 2011.  This complaint contains no reference to the FMLA.  Subsequently, the plaintiff filed a second motion to amend the complaint.  In support of this motion, the plaintiff states that since it has been made clear that the case will not be remanded to state court, she seeks to add a claim under the FMLA in

2

order to assert all of her available claims.  On October 6, 2011, the defendants filed a motion for a stay of discovery pending a ruling on the plaintiff's motion for leave to file a third amended complaint.  This Court granted that motion on November 16, 2011. Thus, discovery in this action is currently stayed.

On October 10, 2011, the defendants filed a response to the second motion to amend in which they argue that the addition of an FMLA claim is inappropriate, unfair, unduly prejudicial, and in bad faith because the plaintiff has repeatedly stated her strategic decision to abandon it.  The plaintiff then filed a reply in support of her second motion to amend, in which she counters that the amendment would not be prejudicial to the defendants, that she is not filing the amendment in bad faith, and that the amendment is not futile.  This motion is now fully briefed and pending before this Court.  Having reviewed the parties' pleadings and the relevant law, this Court finds that the plaintiff's second motion to amend must be granted.

II.  <u>Facts</u>[2]

King began working for Cardinal Health in April 2007.  On March 14, 2010, King suffered complications from her pregnancy and was taken to Wheeling Hospital's Emergency Room.  Upon her discharge from Wheeling Hospital on March 14, 2010, King obtained a doctor's slip prohibiting her from working that day.  King then

_____

[2]For the purposes of this opinion, this Court adopts the facts as set forth by the plaintiff in her amended complaint.

3

called her supervisor, Tess Grey ("Grey"), and advised her of her recent hospital visit and her inability to attend work that day. King's fiancé, Patrick MacFarland, hand-delivered her doctor's excuse to Grey. When King called Grey on the morning of March 15, 2010, Grey fired her. The plaintiff filed complaints with the corporate human resources department, Craig Baranski, the director of Cardinal Health's Wheeling facility, and Cardinal Health's Ethics Board, but she received no response. Additionally, the plaintiff filed an incident report regarding her wrongful termination via Cardinal Health's Incident Reporting System, but she received no response.

### III. <u>Applicable Law</u>

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

futility of amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962);
<u>see also</u> <u>Ward Elec. Serv. v. First Commercial Bank</u>, 819 F.2d 496,
497 (4th Cir. 1987); <u>Gladhill v. Gen. Motors Corp.</u>, 743 F.2d 1049,
1052 (4th Cir. 1984).

## IV.  <u>Discussion</u>

In her second motion to amend, the plaintiff states that she
wishes to amend her complaint in order to expressly assert a claim
under the FMLA.  Although the plaintiff contends that she did not
originally assert or intend to assert a claim under the FMLA, now
that this Court has denied her motions for remand, the plaintiff
seeks to include an FMLA claim.  In support of this motion, the
plaintiff first argues that the amendment would not be prejudicial
to the defendants because it is timely filed and because the
defendants have been aware of a potential FMLA claim since filing
their notice of removal.  Further, the plaintiff asserts that
sufficient time exists in discovery to address this claim.  Second,
the plaintiff states that the amendment is not being asserted in
bad faith.  Finally, the plaintiff argues that the amendment is not
futile because she is able to articulate a legitimate FMLA claim.

In their response in opposition to the second motion to amend,
the defendants argue that because the plaintiff has consistently
represented to the Court that she did not, and never intended to,
assert a federal claim against the defendants, she cannot now
convert this litigation into an FMLA case.  According to the
defendants, the plaintiff's request for leave to add an FMLA claim

is inappropriate, unfair, unduly prejudicial, and in bad faith. The defendants further argue that the principle of judicial estoppel prohibits the plaintiff from asserting this claim after she has repeatedly stated her strategic decision to abandon it. Moreover, the defendants contend that the proposed claim would be futile since the plaintiff has contractually waived and released any FMLA claim she might have against the defendants.

While this Court acknowledges the confusion caused by the plaintiff's on-again, off-again FMLA claim throughout the course of this litigation, this Court finds that the addition of an FMLA claim at this time would not be unduly prejudicial to the defendants. Despite the fact that the plaintiff did not initially intend to file an FMLA claim and took steps to have the matter remanded to the state court consistent with that position, the plaintiff should be able to take advantage of all of her available remedies by pursuing an FMLA claim now that this Court has retained jurisdiction over the case. The procedural history of this case is certainly unique, but there has not been any undue surprise, prejudice, bad faith or futility in the assertion of an FMLA claim. In fact, the defendants acknowledged the existence of a cause of action under the FMLA in their notice of removal.  Defs.' Notice of Removal ¶ 2.  Although the plaintiff later removed that claim in the second amended complaint, its reappearance now is not unduly prejudicial to the defendants.  Thus, leave to amend should be granted pursuant to Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2) ("The

court should freely give leave [to amend] when justice so requires.").

The defendants argue that the addition of an FMLA claim would expand the scope of this case drastically by raising issues related to the plaintiff's absences during a previous pregnancy. This Court finds that although the addition of the FMLA claim might require the defendants to conduct some additional discovery, this does not amount to undue prejudice. Because the defendants have repeatedly argued in their briefs opposing remand that the plaintiff has asserted an FMLA claim, they cannot now properly argue that the addition of an FMLA claim is unexpected and prejudicial.

The defendants also contend that the plaintiff should be barred from pursuing an FMLA claim under the principle of judicial estoppel. "Judicial estoppel is an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts – to deter improper manipulation of the judiciary." <u>Folio v. City of Clarksburg</u>, 134 F.3d 1211, 1217 (4th Cir. 1998) (quoting <u>John S. Clark Co. v. Faggert & Frieden, P.C.</u>, 65 F.3d 26, 28-29 (4th Cir. 1995)). Judicial estoppel applies when:

> (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact, rather than law or legal theory; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

<u>Havird Oil Co., Inc. v. Marathon Oil Co., Inc.</u>, 149 F.3d 283, 292 (4th Cir. 1998); <u>see</u> <u>Lowery v. Stovall</u>, 92 F.3d 219, 224 (4th Cir. 1996). However, "it is rare for judicial estoppel to be applied to prevent a party from changing legal theories." <u>Riggs v. West Virginia Univ. Hospitals, Inc.</u>, 656 S.E.2d 91, 118 (W. Va. 2007). "Judicial estoppel does not bar a party from contradicting itself, the doctrine bars contradicting a court's determination that was based on that party's position." <u>West Virginia Dep't of Transp. v. Robertson</u>, 618 S.E.2d 506, 513 n.18 (W. Va. 2005).

This Court finds that judicial estoppel, which is to be applied sparingly, is not applicable in this case. <u>State v. McCall</u>, 612 S.E.2d 453, 456 (S.C. 2005). The plaintiff seeks to specifically assert an FMLA claim that the defendants have contended, and this Court has previously found, to have been a part of this case during most of its tenure in this Court. The addition of an FMLA claim would not be an inconsistent statement of fact, but would instead be an additional cause of action based upon the facts as previously asserted. <u>See</u> <u>Folio</u>, 134 F.3d 1217-18 (holding that judicial estoppel applies only to the making of inconsistent statements of fact).

Finally, the defendants argue that the plaintiff's request to add an FMLA claim should be denied because the plaintiff has contractually released Cardinal Health from any FMLA claim. The defendants set forth that in a second class action lawsuit between

the parties, ("King II")[3], the plaintiff and Cardinal Health signed a settlement agreement in which the plaintiff, as a class representative, agreed to:

> irrevocably and unconditionally release, forever discharge, and covenant not to sue, or bring any other legal action against Defendant with respect to any and all claims and causes of action of any nature, both past and present, known and unknown, foreseen and unforeseen, which either Plaintiff has or which could be asserted on either Plaintiff's behalf by any other person or entity, resulting from or related to any act or omission of any kind, excluding only those claims presently asserted by Plaintiff King in the case styled as Nicole King v. Cardinal Health, Inc., Case No. 5:10-CV-112, pending in the United States District Court for the Northern District of West Virginia.

Defs.' Resp. to Second Mot. to Amend Ex. 1 at 8.  The defendants argue that the scope of the release described above includes a waiver of any FMLA claim.

In response, the plaintiff first notes that the parties have stipulated that the terms of settlement of King II "shall not be admissible or mentioned in any matter in this case, implicitly or expressly, for any reason at any time."[4]  Pl.'s Reply Ex. 1 at 1. While it appears that the defendants have failed to comply with the terms of the proposed stipulation, even if reference to the King II settlement were admissible in this case, this Court finds that the defendants' waiver argument fails.  Importantly, the claims

---

[3]The second case is styled as Nicole King, et al. v. Cardinal Health 411, Inc., Case No. 10-C-197.

[4]The proposed stipulation of inadmissibility has been signed by counsel for both parties, but it has not been approved by this Court.

asserted by the plaintiff in this case were excluded from the general release.  On August 8, 2011, when the settlement agreement in <u>King II</u> was signed by counsel for both parties, this Court had already determined that the plaintiff's complaint contained an FMLA claim.  The second amended complaint, which removed the FMLA claim, had not yet been filed.[5]  Thus, the general release contained in the proposed class action settlement agreement does not support the defendants' position that the motion to amend should be denied.

V.  <u>Conclusion</u>

For the reasons stated above, the plaintiff's second motion to amend is GRANTED.  The plaintiff is DIRECTED to file a signed copy of the third amended complaint attached to the second motion to amend.  Pursuant to this Court's November 16, 2011 order, it is ORDERED that the stay of discovery be LIFTED.  It is further ORDERED that the parties appear by counsel for a status and scheduling conference on **December 27, 2011 at 11:00 a.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003.  Prior to the status and scheduling conference, the parties shall meet and confer to discuss a new discovery deadline.

IT IS SO ORDERED.

---

[5]This Court entered a memorandum opinion and order denying the plaintiff's motion to remand on January 6, 2011, holding that the plain language on the face of the plaintiff's amended complaint presented a federal question: whether the termination of the plaintiff's employment violated the FMLA.  The second amended complaint was filed on September 22, 2011.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    November 29, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

11